JOHN HEWITT, Appellant, v. GEORGE DOHERTY ET AL., Respondents.

### St. Louis Court of Appeals, April 5, 1887.

PRACTICE, APPELLATE—VERDICT AGAINST EVIDENCE.—A verdict for one party, where the conceded facts show that the adverse party is entitled to a judgment, will be vacated as being unsupported by the evidence.

APPEAL from the St. Louis County Circuit Court, W. W. EDWARDS, Judge.

*Reversed and remanded.*

MUENCH & CLINE and J. W. McELHINNEY, for the appellant.

HENRY BOEMLER, for the respondents.

THOMPSON, J., delivered the opinion of the court.

This was an action of forcible entry and detainer. The trial in the circuit court, before a jury, resulted in a verdict and judgment for the defendant.

The controversy relates to the possession of eighteen or twenty acres of agricultural land. The evidence

showed, without conflict, that, in October, 1884, the plaintiff took possession of this land under a lease from the owner ; that he plowed it and sowed it in wheat ; that in the spring he plowed up the wheat and planted it in corn, and also planted potatoes, and did what was necessary to the meadow, etc., and that in May, 1885, the defendant, Doherty, instigated by the defendant, Annie Beine, entered upon the land, took forcible possession of it, and carried away a quantity of hay and potatoes which the defendant had growing upon it. There was not only no evidence that the plaintiff's possession of the land was interrupted by any one from October to May, but the evidence tended to show that the defendant, Annie Beine, under whom the other defendant claimed, had acquiesced in the same. There was, therefore, no question in the case of a scrambling or interrupted possession. The uncontradicted evidence showed that the plaintiff, prior to the forcible interruption of his possession by the defendant, Doherty, held the possession of the acres in dispute by all the usual symbols of open, visible, public, and notorious possession, by which any farmer holds the possession of his cultivated lands.

I.   Such being the essential facts, the trial court plainly committed error in the instruction given to the jury of its own motion, in advising them as to the law relating to a "scrambling possession." The evidence presented no hypothesis for such an instruction, and the giving of it was plainly prejudicial error against the plaintiff.

II.   The verdict was rendered in disregard of the uncontradicted evidence in the case. The statute giving the action of forcible entry and detainer is a statute of peace. Its object is to prevent opposing claimants for the possession of land from taking the law into their own hands and struggling for possession, to the danger of the public peace. It, therefore, deals only with the *fact* of possession, and not with the right of possession. It

means that, if one man is in the undisturbed possession of land, and another man ousts him by force, the prior possessor shall have this action to reclaim his possession, leaving the other to resort to the action of ejectment for the purpose of trying his right to the possession. And this is the law, although the prior possessor may be a mere wrong doer, and although the person disturbing his possession may be rightfully entitled thereto. These are familiar principles, and the court seems to have explained them properly to the jury in the instruction given in this case. But, as the undisputed evidence showed that the plaintiff was in the undisturbed possession of the land in dispute, at the time when the defendant, Doherty, instigated by the defendant, Beine, invaded his possession, the jury returned their verdict, either upon an entire misunderstanding of the law, or an entire disregard of the evidence.

The judgment of the circuit court will be reversed and the cause remanded. It is so ordered. Rombauer, J., concurs ; Lewis, P. J., absent.